207 P.2d 546

**SHINN v. EBBE et ux.**

No. 7483.

Supreme Court of Idaho.

June 20, 1949.

W: F. McNaughton, H. S. Sanderson, both of Coeur d'Alene, Bandelin & Bandelin, Sandpoint, for appellant.

Everett E. Hunt, Raymond T. Greene, Jr., Sandpoint, for respondents.

HOLDEN, Chief Justice.

November 13, 1946, appellant commenced this suit against respondents to quiet title to a certain tract of land located in Bonner county, described by metes and bounds. Respondents answered and filed a cross-complaint whereby they sought to quiet title against appellant to a certain tract of land also described by metes and bounds. The main controversy and the cross-suit were tried March 1, 1948, after which the court, at the request of counsel for the respective parties, and accompanied by such counsel, viewed the premises. Thereafter, and on the 8th day of May, 1948, the court filed findings of fact and conclusions of law and and on the same day entered judgment dismissing both suits. From that part of the judgment dismissing appellant's suit she appeals.

It should be stated at the outset that while in form these suits are suits to quiet title, in reality, the controversy involves the true location of the northeast corner of the Shinn tract, which, in turn, involves a boundary lines dispute. In so far as pertinent the trial court found:

"That due to the many conflicts in the testimony submitted herein for the plaintiff relative to the actual boundaries lines of the real estate claimed to be owned by the plaintiff [appellant], it is impossible for the court to determine either from the. descriptions of plaintiffs property or from the testimony submitted for and upon behalf of the plaintiff exactly where the real estate owned by the plaintiff is actually located and for said reasons the court finds that plaintiffs complaint should be dismissed."

On the trial, for the purpose of establishing the true location of the northeast corner of her property, and thereby, the correct boundary lines thereof, appellant called Arthur Tiggelbeck, county surveyor of Bonner county. It appears from his testimony that instead of starting from some established government township corner, or section corner, he began at an old wooden stake which Mrs. Shinn told him "she understood was her northeast corner". Tiggelbeck further stating in substance, that he couldn't testify that that marked the true and correct northeast corner of the Shinn property.

Appellant also called B. E. Ashley. Mr. Ashley testified he was a civil engineer. He was asked:

"(Question read):

" 'Calling your attention to the southeast corner of Lot 2, I will ask you if that is the correct corner?'

"Witness: I can't testify to that being the correct corner. That corner was accepted.

"Q. You found an iron pipe, did you, directly north?

"A. I did.

"Q. And was that iron pipe any indication to you that this was the accepted line?

"A. It was an indication to me that that was a boundary line, yes sir."

It does not appear Mr. Ashley ever made an actual survey to establish either the northeast corner or the southeast corner of the Shinn property or the boundary lines of that property. The most that can be said for his testimony is as to what the finding of the iron pipe indicated to him.

Appellant argues that "In an action to quiet title against an adverse claimant, plaintiff has a right to have his title quieted to that part of the land which the evidence shows he is the owner of." Without conceding, it may be assumed that that is the correct rule. Where, for instance, it is sought to quiet title to a quarter section of land, and the plaintiff establishes his title to three of the four legal subdivisions, he, of course, would undoubtedly be entitled to have his title quieted to the three legal subdivisions. Here, the rule cannot be applied because appellant does not seek to quiet title to, nor did she prove she had a right to have title quieted in her, to any particular legal subdivision. What she tried to prove was the correct boundary lines of her own tract of land, described by metes and bounds,—hence, the impossibility of applying the rule.

The record discloses, as above pointed out, this controversy arose over a dispute between the respective parties as to the true location of the northeast corner of the Shinn tract. None of the parties knew the true location of that corner nor the correct boundary lines. In that situation, and being desirous of having the true corner located, and the boundary lines determined, appellant employed the county surveyor. It was because the true location of the northeast corner of the Shinn tract was not known, that appellant employed such surveyor to locate that corner, which would, in turn, settle the boundary lines dispute. Nevertheless, and notwithstanding the fact appellant told the county surveyor she did not know that a certain stake, which the surveyor found on a hill, marked the northeast corner of the Shinn tract; and notwithstanding the further fact that the surveyor himself did not know (as he testified), he just assumed, without knowing, that a certain stake marked the northeast corner, and proceeded from that point, with the result that the parties are right where they were when suit was commenced; neither appellant nor the surveyor having ascertained the true location of the northeast corner of the Shinn property, which is the true key to locating the boundary lines dispute.

Furthermore, it appears the trial court after having heard all the evidence and viewing the premises, was unable to determine the issue as to the true location of the northeast corner of appellant's tract, and the correct boundary lines. And, of course, we could not, under the evidence. However, the controversy between appel-

lant and respondents should be finally settled and determined. And to that end we believe the ends of justice will best be served by reversing the judgment and remanding the cause for a new trial, rather than attempt to decide the controversy ourselves on uncertain and insufficient evidence.

It is, therefore, ordered that the judgment be, and it is hereby, reversed, and the cause remanded with directions to grant a new trial. No costs awarded.

GIVENS, PORTER, TAYLOR and KEETON, JJ., concur.